United States District Court
Southern District of Texas
FILED

NOV 08 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LILY F. TERCERO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 1:16-CV-00282 |
| § | |
| TEXAS SOUTHMOST COLLEGE DISTRICT, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. In cases such as this, there are two judges. I am the judge of the law and in that role, I will now instruct you on the law that you must apply in reaching your verdict. First, I will give some general instructions that apply in most cases, for example, about how to judge the believability of the witnesses. Then, I will give you some specific rules of law that apply in this case. Finally, I will explain to you the rules to follow in your deliberations. It is your duty to follow the law as I give it to you. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.

On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. The testimony of the witnesses and the other exhibits introduced by the parties constitute the evidence. Statements and arguments of the attorneys are not evidence and are not instructions on the law. Nevertheless, you should pay close attention to them as they are intended to assist you in understanding the evidence and the parties' contentions.

1

In the verdict form that I will explain in a moment, you will be asked to answer some questions about the factual issues in this case. Answer each question from the facts as you find them. It is your duty to base your verdict solely upon the evidence. Do not decide who you think should win and then answer the questions accordingly. Do not let bias, prejudice, or sympathy play any part in your deliberations. Your answers and your verdict must be unanimous. You will never have to explain your verdict to anyone.

Plaintiff Dr. Lily F. Tercero has the burden of proving her case by a preponderance of the evidence. Preponderance of the evidence means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If you find that the Plaintiff failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

There are two types of evidence that you may properly consider in finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

An important part of your job will be making judgments about the testimony of the witnesses. You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. You should decide whether you believe all or any part

2

of what each person had to say, and how important that testimony was. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. In making your decision about witness' testimonies, I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any of the parties? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

When you go into the jury room to deliberate, you may take a copy of this charge, the exhibits that I have admitted into evidence, and your notes. Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice, or sympathy play any part in your deliberations. Our system of law does not permit jurors to be governed by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

If Dr. Tercero has proved her claim against the District by a preponderance of the evidence, you must determine the damages to which Dr. Tercero is entitled. You should not interpret the fact that I am giving instructions about Dr. Tercero's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether the District is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the District is liable and that Dr. Tercero is entitled to recover money from the District.

If you find that the District is liable to Dr. Tercero, then you must determine an amount that is fair compensation for all of Dr. Tercero's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make a plaintiff whole—that is, to compensate a plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Dr. Tercero may have incurred because of her injury.

You may award compensatory damages only for injuries that Dr. Tercero proves were proximately caused by the District's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Dr. Tercero's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the District. You should not award compensatory damages for speculative injuries, but only for those injuries that Dr. Tercero has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Dr. Tercero prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of her rights has occurred but the plaintiff has suffered no actual loss or injury.

You are instructed not to consider the costs for legal services in deciding the merits of this case. You are also instructed not to consider the costs in calculating damages, if any are awarded. Legal services costs should not be included in any other damage calculation.

## NATURE OF THE CASE

This case arises under an employment contract between Plaintiff Dr. Lily F. Tercero and Defendant Texas Southmost College District (the "District") and under the due process clause of the Fourteenth Amendment of the United States Constitution, which provides that no state shall deprive any person of life, liberty, or property, without due process of law.

The parties have agreed, or stipulated, to the following facts. A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

1. Dr. Tercero was employed as the President of Texas Southmost College (the "TSC") from October 1, 2011 through September 19, 2016.
2. Defendant Texas Southmost College District ("District") is a public junior college district created by Texas law and vested with governing authority over TSC.
3. On May 3, 2016, Dr. Tercero and the District entered into a new, three (3) year written Employment Contract titled "Employment Agreement: Dr. Lily F. Tercero—President of Texas Southmost College District"—through which the District employed Dr. Tercero as its President (the "Employment Contract".)
4. The Employment Contract was approved by the Board of Trustees ("Board") and executed by its then chairperson Francisco G. Rendon.
5. On or about June 27, 2016, Adela G. Garza became Chair of the Board.
6. Juan "Trey" Mendez III is an attorney by training and Vice Chair of the District Board.
7. Ruben Herrera, Ramon Champion Hinojosa and Dr. Antonio "Tony" Zavaleta were members of the Board at the time.
8. Among other terms, the Employment Contract specified that Dr. Tercero would serve as

5

President of the District and receive an annual base salary of no less than $228,228.00, benefits offered to other TSC employees consistent with District policy, and certain specified vacation, sick leave, and retirement benefits.

9. The Employment Contract had a term of thirty-six months, expiring May 1, 2019.
10. The Employment Contract specified that Dr. Tercero was to perform assigned "duties and responsibilities as prescribed by the Board," and to follow those "rules and procedures enacted or authorized by the Board as may be adopted and amended from time to time." In the past, the District Board of Trustees had assigned Dr. Tercero responsibilities and set specific goals against which her performance was annually evaluated.
11. The Employment Contract specified that, should the Board terminate Dr. Tercero's employment without good cause, Dr. Tercero would be "paid on a monthly basis as all other employees until the expiration of this agreement" or she could choose a lump-sum payment.
12. On or about August 3, 2016, the District provided Dr. Tercero a "Notice of Proposed Action of Dismissal; and Notice of Suspension with Pay Pending the Outcome of the Dismissal Hearing" (the "Notice").
13. On or about August 12, 2016, Dr. Tercero made a written demand for a public evidentiary hearing and requested various documents necessary for her to present an informed defense.
14. The District conducted a public termination hearing on September 19, 2016.
15. When Dr. Tercero arrived at the hearing, her office had already been emptied.
16. Over Dr. Tercero's objection, the District refused to allow Board Members who were fact witnesses to be called to testify. In addition, the District refused to have the fact witnesses (Messrs. Garza, Mendez, Herrera, and Zavaleta) recuse themselves. Furthermore, the District did not call any witnesses. Instead, the District presented the argument of its counsel and limited the time of the hearing to three (3) hours.
17. Before the conclusion of the public hearing the Board retired into a closed session to deliberate. Dr. Tercero objected to the closed deliberation and demanded that the deliberation take place in public. The Board deliberated in private, but recorded the deliberations.
18. On September 19, 2016, Dr. Tercero was terminated.

19. Dr. Tercero was afforded the opportunity to testify herself during her 90 minute allotted presentation time at her pre-termination hearing but did not do so.
20. Dr. Tercero was afforded the opportunity to call any of her former TSC staff as witnesses during her 90 minute allotted presentation time at her pre-termination hearing but did not do so.
21. After Dr. Tercero and TSC concluded their presentations at the pre-termination hearing, the TSC Board of Trustees deliberated for 41 minutes.
22. The vote to terminate Dr. Tercero was done in open session during a public meeting.

In one cause of action, Dr. Tercero alleges that the District breached the Employment Contract by terminating her without good cause and by not following the District's policies regarding termination hearings.

In a second cause of action, Dr. Tercero claims the District deprived her of procedural due process under the Fourteenth Amendment of the Constitution by holding a termination hearing with a predetermined outcome, depriving her of the opportunity to be heard in her defense at a meaningful time and in a meaningful manner.

The District denies these claims. The District contends that it had good cause to terminate Dr. Tercero's Employment Contract, and that it complied with its policy's regarding termination hearings and provided her procedural due process by giving her the opportunity to be heard in her defense at a meaningful time and in a meaningful manner.

## THE VERDICT

On retiring to the jury room, you should select one of your number as your foreperson, who will preside over your deliberations and will speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous. You will never have to explain your verdict to anyone.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide

the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

    A verdict form has been prepared for your convenience. You will take the verdict form to the jury room, and when you have reached an agreement as to your unanimous verdict, you will have your foreperson fill it in and date and sign it, and then return to the courtroom.

    If during your deliberations you want to communicate with me, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom, so that I can address you orally. I caution you, however, that in any message or question you might send, you should never state or specify your numerical division, if any, at that time.

    SIGNED on _November 8, 2018_, at Brownsville, Texas.

                                                                     Fernando Rodriguez, Jr.
                                                                     United States District Judge

## QUESTION No. 1

Do you find from a preponderance of the evidence that the District terminated Dr. Tercero without good cause?

Answer "Yes" or "No": _Yes_

You are further instructed that the only grounds for good cause that you may consider are:
Refusal to carry out reasonable directives of the employee's supervisor;
Deliberate or reckless action that causes either actual or potential loss, damage, or physical injury to the District, its employees, students, or students' property; or
Misrepresentation, including falsification of reports or records.

You are further instructed that you may only consider the factual allegations specified in grounds one through nine of the August 3, 2016 Notice letter.

You are further instructed that a person is reckless when she acts or fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

## QUESTION No. 2

Do you find from a preponderance of the evidence that the District deprived Dr. Tercero of her contractual due process rights?

Answer "Yes" or "No": Yes

For the purpose of Question No. 2 only, you are instructed that the District deprived Dr. Tercero of her contractual due process rights if the District did not provide Dr. Tercero the right to hear the evidence upon which the charges were based, to cross examine all adverse witnesses, to present evidence of innocence or extenuating circumstances, or to have a determination based solely on the evidence presented at the hearing.

## QUESTION No. 3

Do you find from a preponderance of the evidence that the District deprived Dr. Tercero of her procedural due process rights?

      Answer "Yes" or "No": **yes**

For the purpose of Question No. 3 only, you are instructed that to afford Dr. Tercero procedural due process, the District did not have to provide the formality of a full-dress trial, that the District could hold an informal hearing which allowed Dr. Tercero to give her version of the facts and that gave her the opportunity to be heard at a meaningful time and in a meaningful manner.

You are further instructed that a hearing is not meaningful if the decision makers had already predetermined the outcome.

If you answered "Yes" to Question No. 1, Question No. 2, or Question No. 3, then answer Question No. 4. Otherwise, do not answer Question No. 4.

### QUESTION No. 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Dr. Tercero for her damages, if any, that were proximately caused by the District's wrongful conduct?

When calculating the sums, do not include interest on any amount of damages you may find.

Answer in dollars and cents for damages, if any.

A.  Lost earnings and other lost employee benefits that would have been due to Dr. Tercero under her Employment Agreement through May 1, 2019.
     "Benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension-fund benefits, housing or transportation subsidies, bonuses, and monetary losses incurred because of the loss of health, life, dental, or similar insurance coverage.

   Answer: $ 674,878.66

B.  Diminished earning capacity, lost career and business opportunities, loss of reputation, humiliation, embarrassment, inconvenience, and mental and emotional anguish and distress.

   Answer: $ 12,500,000.00
   Twelve million Five hundred-thousand and/100's



Signature of Foreperson

Name of Foreperson

Date: November 8, 2018