IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DR. LILY F. TERCERO, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:16-cv-282 |
| | § | (JURY REQUESTED) |
| TEXAS SOUTHMOST COLLEGE DISTRICT | § | |
| Defendants | § | |

---

**DEFENDANT TEXAS SOUTHMOST COLLEGE DISTRICT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND OR ALTER FINAL JUDGMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT TEXAS SOUTHMOST COLLEGE DISTRICT in the above-styled and numbered cause, and files this its Response to Plaintiff's Motion To Amend or Alter Final Judgment and would respectfully show the Court the following:

**I.
PRE-JUDGMENT RATE AND APPLICABILITY**

1.      In a case in federal court, federal law governs post-judgment interest. Meaux Surface Prot., Inc. v. Fogleman, 607 F.3d 161, 173 (5th Cir. 2010); *see also* 28 U.S.C. § 1961(a).  In accordance with federal law, on December 3, 2021 this Court entered a Final Judgment setting the post-judgment interest rate at 0.21%. (See Doc. 31).  As acknowledged in Plaintiff's brief (pg. 9 ¶ 9), there is no federal law setting forth prejudgment interest for Plaintiff's breach of contract claim.

2.      Plaintiff is now seeking to amend or alter the final judgment to include prejudgment interest under Texas law.  Under Texas law, "There are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 528 (Tex. 1998).

3.      Plaintiff attempts to argue that she is entitled to prejudgment interest under chapter 304 of

1

the Texas Finance Code. (Plaintiff's Brief @ Pg. 2 ¶ 4).  However, Texas Finance Code chapter 304 only provides for prejudgment interest in wrongful death, personal injury, or property damage cases. Tex. Fin. Code Ann. § 304.102.  Plaintiff also references Texas Finance Code section 304.003, however that section relates to post-judgment interest.  As established above, federal law governs post-judgment interest in this case and that issue has already been determined by this honorable court.

4.     Plaintiff then argues that she is entitled to prejudgment interest under common law equity. "In the absence of a statutory right to prejudgment interest, Texas law **allows** for an award of equitable prejudgment interest…" (emphasis added) Meaux Surface Prot., Inc. v. Fogleman, 607 F.3d 161, 172 (5th Cir. 2010). "[I]n the absence of a statute or contractual provision providing for the recovery of prejudgment interest, prejudgment interest **may** be awarded on a breach of contract claim under common law equitable principles…" Dallas Area Rapid Transit v. Agent Sys., Inc., 02-12-00517-CV, 2014 WL 6686331, at *16 (Tex. App.—Fort Worth Nov. 26, 2014, pet. denied). We emphasize the words **allows** and **may** in the above cases to show that courts do not use the words "require" or "shall" when it comes to prejudgment interest under common law equity.

5.     That being said, while Defendant concedes that this honorable court has discretion to award pre-judgment interest, should this Court determine that such an award is appropriate in this matter, Defendant asks the Court to set the prejudgment interest rate at the same rate as the post-judgment interest rate already set by this honorable court at 0.21%.  Setting the prejudgment interest rate at the same rate as the post-judgment interest rate would be consistent with and is supported in both Texas statutory law and Texas case law. The Texas Supreme Court has provided guidance on this this issue and has stated: "We further hold that prejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest." Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 532 (Tex. 1998).  Also, within the Texas Finance

2

Code itself, there is a provision that sets forth "The prejudgment interest rate is equal to the post-judgment interest rate applicable at the time of judgment." Tex. Fin. Code Ann. § 304.103. Again, the post-judgment interest rate in this case has already been set at 0.21% as required by federal law and should this Court find that prejudgment interest is appropriate in this matter, Defendant requests that the pre-judgment interest rate also be set a 0.21%.

## II.

## EQUITABLE TOLLING

6.      In addition to the above, and in accordance with principles of equity, Defendant would further request that if the court determines that pre-judgment interest should be awarded to Plaintiff, that the time frame requested by plaintiff be reduced to exclude the time in which Defendant had judgment rendered in its favor.  More specifically, the Court issued an order on Defendant's Motion to Dismiss, Renewed Motion for Judgment as a Matter of Law, and, Alternatively Motion for New Trial on July 25, 2019.  Said order vacated the jury's verdict against Defendant for Plaintiff's contract claims.  Said order was in effect until March 18, 2021, when the 5th Circuit Court of Appeals ordered that the judgment of the District Court was affirmed in part and reversed in part.  As Plaintiff did not have a judgment rendered in her favor from July 25, 2019 to March 18, 2021 (a period of 602 days), Defendant would respectfully submit that no pre-judgment interest would be appropriate for that time frame regardless of the applicable pre-judgment interest rate.

## II.
## PRAYER

6.      WHEREFORE, PREMISES CONSIDERED, DEFENDANT TEXAS SOUTHMOST COLLEGE DISTRICT, prays that the Court deny Plaintiff's Motion to Amend or Alter Final Judgment or in the alternative set the prejudgment interest rate at 0.21% which is the same rate as

the post-judgment interest rate set by this honorable court. Defendant would further pray that any calculation of pre-judgment interest by the Court not include the period of July 25, 2019 to March 18, 2021.  Defendant further requests such other and further relief to which it may be entitled to, either at law or in equity.

Signed on January 10, 2022.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone:     (956) 547-7775
Facsimile:     (956) 547-7773

By: /s/ Eduardo G Garza
        Eduardo G Garza
        State Bar No. 00796609
        USDC ADM. No. 20916
        Roman "Dino" Esparza
        State Bar No.  00795337
        USDC ADM. No. 22703

## CERTIFICATE OF SERVICE

        I hereby certify that on January 10, 2022, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Defendants' submission of this document to the U.S. District Court electronically to the DCECF system:

/s/ Eduardo G Garza
Eduardo G Garza