IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DR. LILY F. TERCERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS SOUTHMOST COLLEGE DISTRICT AND ADELA G. GARZA, JUAN MENDEZ III, RUBEN HERRERA, RAMON CHAMPION HINOJOSA, AND DR. ANTONIO ZAVALETA, *in their official capacities as Trustees of the Texas Southmost College District and in their personal capacities*, | § § § § § § § § | CIVIL ACTION NO. 1:16-CV-00282 |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF DR. LILY TERCERO'S REPLY IN SUPPORT OF HER MOTION TO AMEND OR ALTER FINAL JUDGMENT IN ORDER TO AWARD PREJUDGMENT INTEREST**

Plaintiff, Dr. Lily Tercero ("Dr. Tercero") files this reply in support of her Motion to Amend or Alter Final Judgment in Order to Award Prejudgment Interest (the "Motion") [Dkt. 134].

## I. PREJUDGMENT INTEREST

1. Defendant Texas Southmost College District ("TSC") argues that Texas law simply **allows** an award of equitable prejudgment interest and that a court **may** award it on a breach of contract claim under principles of equity, but TSC fails to address the language in *Fogleman*, cited by TSC in its response, stating that prejudgment should be granted in all but exceptional circumstances. *Compare* TSC's Resp., at ⁋ 4. ("[T]he words **allows** and **may** in the above cases to show that courts do not use the words 'require' or 'shall' when it comes to prejudgment interest under common law equity.") *with Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th

Cir. 2010) ("Under this standard, 'an equitable award of prejudgment interest <u>should be granted</u> to a prevailing plaintiff in all but exceptional circumstances.'") (emphasis added) (citing *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir.1996)). Yet, exceptional circumstances do not exist here to preclude Dr. Tercero's entitlement to prejudgment interest.

2.  TSC concedes that it is in the discretion of this Court to award prejudgment interest. TSC's Resp., at ¶ 5 ("Defendant concedes that this honorable court has discretion to award pre-judgment interest."). Under Texas law, when in the parties' contract does not provide a specific rate, prejudgment interest is calculated at the statutory rate for postjudgment interest, as established by Texas Finance Code Section 304.003. *See Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 460–61 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 Fed. Appx. 256 (5th Cir. 2018) (quoting *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002)); Tex. Fin. Code Ann. § 304.003(c)(2).

3.  Thus, the prejudgment interest rate should equate to "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System...is less than five percent[.]" Because the prime rate is less than five percent, five percent a year is the appropriate rate here.

## II.   EQUITABLE TOLLING

4.  Furthermore, the Court should not equitably toll the time frame under which prejudgment interest should be calculated. This Court decreed in its December 3, 2021 Final Judgment [Dkt. 131] that Dr. Lily Tercero prevailed in her cause of action for breach of contract, meaning she was entitled to recover the judgment amount from TSC before she was compelled to file this suit. That the jury verdict in Dr. Tercero's favor was vacated by this Court and then affirmed in part and reversed in part by the Fifth Circuit Court of Appeals is immaterial to the

calculation.

5.  Dr. Tercero had to seek recourse from the Court to obtain the money she is entitled to, and, during the period between the filing of her Original Complaint and the Final Judgment, Dr. Tercero has been deprived of the use of money that was due to her years ago. That the verdict was vacated for a period of 602 days does not erase the fact that Dr. Tercero lost the use of her money, represented by the judgment, throughout the duration of litigation—1,855 days.

6.  Equitable tolling is not appropriate under the circumstances because it would fail to fully compensate Dr. Tercero. To exercise tolling in this fashion would incentivize defendants not to pay what is due a plaintiff when payment it is rightfully due and owing. Thus, the Court should deny TSC's requests to equitably toll prejudgment interest.

### III. CONCLUSION

7.  Plaintiff Dr. Lily Tercero asks the Court to alter or amend the judgment and render a modified judgment that includes prejudgment interests on Dr. Tercero's breach of contract recovery at a rate of 5% per annum from the date the case was filed until the day preceding the judgment — November 3, 2016 to December 2, 2021. Accordingly, prejudgment interest should equate to $92.45 per day over 1,855 days, or $171,494.75.

Respectfully submitted,

By: /s/ Richard A. Illmer
Richard A. Illmer
State Bar No. 10388350
Southern District Bar No. 19120
rick.illmer@huschblackwell.com

**HUSCH BLACKWELL L.L.P.**
1900 N. Pearl Street
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 *facsimile*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 12th day of January, 2022, a true copy of the foregoing was delivered to all counsel of record via the Courts ECF system.

                */s/ Richard A. Illmer*
                Richard A. Illmer