United States District Court
Southern District of Texas
**ENTERED**
February 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LILY F. TERCERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-282 |
| | § | |
| TEXAS SOUTHMOST COLLEGE DISTRICT, *et al.*, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

On December 3, the Court entered Final Judgment in favor of Dr. Lily F. Tercero on her breach-of-contract claim against Defendant Texas Southmost College District ("the District"). (Final Judgment, Doc. 131)  Tercero now presents a limited motion requesting the award of prejudgment interest.  For the following reasons, the Court concludes that Tercero is entitled to the relief she requests.

### I.    Procedural Background

In September 2016, Texas Southmost College's Board of Trustees voted to terminate Dr. Lily F. Tercero, who at the time served as the college's president and was one year into a three-year contract.  On November 3, 2016, Tercero sued the District and several individual Board members, advancing claims under 42 U.S.C. § 1983 for violating her procedural and substantive due process rights under the Fourteenth Amendment and under the Texas Open Meetings Act.  Tercero also alleged a breach-of-contract claim against the District.

The Court dismissed some of Tercero's claims at the summary-judgment stage.  In November 2018, she proceeded to try her claims against the District to a jury, which rendered a verdict in Tercero's favor and awarded her $674,878.66 in lost earnings and employee benefits under the Employment Agreement, and $12,500,00.00 in damages for violating her constitutional rights. (Verdict, Doc. 75)  On February 11, 2019, the Court entered Final Judgment

1 / 6

in favor of Tercero and awarded her $117,685.67 in attorney's fees. (Order on Mots. for Attorney's Fees, Doc. 104, 13; Final Judgment, Doc. 105)

The District then moved to dismiss the breach-of-contract claim for lack of subject-matter jurisdiction, and presented a motion for judgment as a matter of law and, alternatively, motion for new trial. (Renewed Motion, Doc. 107) The Court granted the motion as to the breach-of-contract claim, concluding that the District was immune from such a lawsuit in federal court. (Order on Renewed Motion, Doc. 115, 7–8) Based on this ruling, the Court did not reach whether sufficient evidence supported the jury's verdict on this cause of action. As to the substantive due process claim, the Court found that sufficient evidence supported the jury's verdict as to liability, but that no evidence supported the damages that the jury awarded. (*Id.* at 13) The Court dismissed Tercero's breach-of-contract claim and awarded her nominal damages of one dollar with respect to her Section 1983 claim.

On March 18, 2021, the Court of Appeals for the Fifth Circuit affirmed the judgment as to the substantive due process claim, but reversed as to the breach-of-contract claim, remanding the matter to this Court to consider the other challenges that the District raised as to this cause of action. *Tercero v. Tex. Southmost College Dist.*, 989 F.3d 291, 299, 301 (5th Cir. 2021). The Fifth Circuit also remanded for reconsideration of the issue of attorney's fees. *Id.* at 301.

On remand, the Court considered whether sufficient evidence existed to support the jury's finding as to the breach-of-contract claim, and reconsidered the issue of attorney's fees. On December 3, 2021, the Court again entered Final Judgment in favor of Tercero, reinstating the damages award against the District for Tercero's breach-of-contract claim and awarding Tercero $259,869.67 in attorney's fees. (Final Judgment, Doc. 131)

On December 30, 2021, the District filed a Notice of Appeal. On the same day, Tercero moved under Federal Rule of Civil Procedure 59(e) to amend the final judgment to include an award of prejudgment interest. (Motion to Amend, Doc. 134)

A party may file a Rule 59(e) motion within 28 days of final judgment. FED. R. CIV. P. 59(e). Tercero filed her Motion to Amend within this 28-day window. A district court retains jurisdiction to grant a timely-filed Rule 59(e) motion, "even though [a] notice of appeal has been filed." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 n.2 (5th Cir. 2004) (referring to Rule 60 motion, but noting that the principle applies to any motion under Federal Rule of Appellate Procedure 4(a)(4)(A)). Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), if a party timely files a Rule 59 motion to alter or amend the judgment, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.

## II.     Recoverability of Prejudgment Interest

In Texas, prejudgment interest is designed to compensate the plaintiff "for the defendant having beneficial use of the damage funds between the time of the occurrence and judgment." *Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 549 (5th Cir. 1987) (quoting *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986)).[1] "Prejudgment interest is not intended to punish the defendant's misbehavior", but rather to "compensate[] the plaintiff for being denied the opportunity to invest and earn interest on the amount of damages." *Id.*

The Supreme Court of Texas recognizes two bases for the award of prejudgment interest: (1) prescription by statute; and (2) general principles of equity. *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020). Statutory prejudgment interest applies only in wrongful death, personal injury, property damage, and condemnation cases. *Id.* In contrast, equitable prejudgment interest "is available as a matter of course, absent exceptional circumstances." *Id.* (citing *Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 257 (5th Cir. 2017)). "The Texas Supreme Court has made clear that the award of prejudgment interest, although equitable in nature, is not generally a matter for the trial court's discretion." *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1330

---

[1] The parties do not dispute that Texas law governs whether Tercero is entitled to prejudgment interest.

(5th Cir. 1994). Although Texas courts have not defined the contours of what constitutes an "exceptional circumstance", the Fifth Circuit, applying Texas law, has articulated the following guidance: "(1) exceptional circumstances exist for reducing an award of interest, even to the point of elimination, only if the trial court cannot address through other means any equitable concerns that favor the defendant; and (2) if a trial court finds such exceptional circumstances, it should explain them." *Joy Pipe*, 703 F. App'x at 257–58.

Based on the record, the Court finds that no exceptional circumstances exist that would warrant the reduction or elimination of prejudgment interest. Under general principles of equity, the District should compensate Tercero for depriving her of the opportunity to invest and earn interest on the amount of damages that the jury awarded her on the breach-of-contract claim.

### III. Applicable Interest Rate and Date that Interest Began to Accrue

Tercero requests prejudgment interest at a rate of five percent per annum. (Motion, Doc. 134, ¶ 4) The District responds that the prejudgment interest rate should match the post-judgment interest rate of 0.21% per annum. (Response, Doc. 140, ¶ 5) For the following reasons, the Court finds that Tercero has the better argument.

Federal law governs as to the applicable interest rate for post-judgment interest (here, 0.21%), but Texas law controls as to prejudgment interest. *See Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016) (explaining that in the absence of federal law governing prejudgment interest rates, courts look to state law). Texas law, however, only establishes the rate for post-judgment interest, as equal to the prime interest rate as published by the Federal Reserve or a minimum base rate of five percent. TEX. FIN. CODE § 304.003(c).[2] Still, in similar circumstances construing an analogous predecessor statute, the Fifth Circuit reasoned that the statute "clearly expresses the intent of the Texas legislature to provide to recovering plaintiffs a minimum [] interest rate." *Fed.*

---

[2] The state statute establishes that the "prejudgment interest rate is equal to the postjudgment interest rate", but that statute applies only to cases of wrongful death, personal injury, or property damage. *See* TEX. FIN. CODE § 304.103.

4 / 6

*Sav. & Loan Ins. Corp. v. Tex. Real Est. Couns., Inc.*, 955 F.2d 261, 270 (5th Cir. 1992).  As a result, the Fifth Circuit affirmed the award of prejudgment interest under Texas law at a rate higher than the applicable postjudgment interest rate under federal law, because the Fifth Circuit was "not persuaded that the Texas legislature intended to limit the recipient of a damages award to a prejudgment interest rate of less than the [] statutory minimum simply because its case was tried in federal court." *Id.*  The Court finds that this reasoning still holds true under Section 304 of the Texas Finance Code.  *See, e.g., U.S. Metals, Inc. v. Liberty Ins. Corp,*, No. 12-CV-00379, 2018 WL 11357088, at *3 (S.D. Tex. May 25, 2018) (awarding prejudgment interest at the rate of 5% per annum).  As a result, the Court awards Tercero prejudgment interest at the rate of 5% per annum.

Under Texas law, "prejudgment interest begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed."  *Johnson & Higgins*, 962 S.W.2d at 531.  The District does not dispute the application of this provision, but requests that the accrual of interest "exclude the time in which Defendant had judgment rendered in its favor." (Response, Doc. 140, ¶ 6)  In making this argument, the District urges that the Court equitably toll the award of prejudgment interest for the 602 days during which Tercero's initial appeal remained pending.  (*Id.*)  Equitable tolling applies, argues the District, because Tercero "did not have a judgment rendered in her favor [during that time]".  (*Id.*)

The Court finds the District's argument unpersuasive.  As an initial matter, the District provides no legal authorities for its position that equitable tolling can pause the accrual of prejudgment interest.  The Court has found no such authority.  As a general matter, the doctrine of equitable tolling "applies only in rare and exceptional circumstances".  *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010).  Even if this doctrine applied to pause the accrual of prejudgment interest, the Court finds that no rare and exceptional circumstances exist that would warrant such a remedy.  Moreover, tolling the accrual of prejudgment interest would be

inconsistent with the purpose of equitable prejudgment interest, which seeks to compensate a plaintiff for the full value of the jury award. *See Concorde Limousines, Inc.*, 835 F.2d at 549. While the appeal remained pending, the District, and not Tercero, had the use of the funds that the Court has now awarded to Tercero. Tercero is entitled to recover for the time-value of those monies for the time period of her appeal.

## IV. Conclusion

For these reasons, it is:

**ORDERED** that Plaintiff Lily F. Tercero's Motion to Amend or Alter Final Judgment in Order to Award Prejudgment Interest (Doc. 134) is **GRANTED**.

The Court finds that prejudgment interest is to accrue as simple interest on $674,878.66, the damages that the jury awarded to Tercero against the District, beginning on the date suit was filed (November 3, 2016) and ending on the day preceding the date judgment was rendered on her claims (December 3, 2021), at the prime rate of 5.00%. The prejudgment interest totals $171,494.75.

The Court will issue an Amended Final Judgment in accordance with this Order.

Signed on February 1, 2022.

Fernando Rodriguez, Jr.
United States District Judge